**INTERIOR REGIONAL HOUSING AUTHORITY, a Public Corporation and Tribally Designated Housing Entity, Plaintiff—Appellant,**

v.

**The VILLAGE OF DOT LAKE, aka The Native Village of Dot Lake; William J. Miller; Charles P. Miller, Defendants—Appellees.**

v.

**Barbara Almquist, Defendant—Appellee,**

**The Village of Dot Lake, aka The Native Village of Dot Lake; William J. Miller; Charles P. Miller, Defendants—Appellants.**

Nos. 07–35174, 07–35175.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 10, 2008.*

Filed Dec. 15, 2008.

Peter J. Aschenbrenner, Esq., Law Offices, Fairbanks, AK, for Plaintiff–Appellant.

Mark Andrews, Tanana Chiefs Conference, Fairbanks, AK, for Defendants–Appellees.

R.App. P. 34(a)(2).

**484**

Before: BEEZER, GOULD and CALLAHAN, Circuit Judges.

MEMORANDUM **

Interior Regional Housing Authority ("IRHA") appeals the district court's dismissal of this action based on Federal Rule of Civil Procedure 12(b)(6) and Defendants cross-appeal based on the *Rooker–Feldman* doctrine. We have jurisdiction under 28 U.S.C. § 1291. We vacate the district court's order and dismiss the appeal and cross-appeal as moot.[1]

The facts of the case are known to the parties and we do not repeat them here.

Even though IRHA's last tenant moved out of the triplex and IRHA has since closed the triplex, IRHA argues that the appeal is not moot because the ground lease remains in effect and the triplex remains standing. Whether the ground lease is still in effect is irrelevant because the tribal ordinance does not affect the ground lease and no relief was requested in IRHA's complaint regarding the ground lease. The fact that the triplex remains standing is also irrelevant because IRHA can demolish it if it so chooses. IRHA has set forth no additional basis for the court to conclude that any live controversy exists. *See Deakins v. Monaghan,* 484 U.S. 193, 199, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988) (stating that federal courts are limited to the adjudication of actual, ongoing controversies).

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Appellees concede that to the extent IRHA's claims are dismissed as moot, their cross-appeal is moot as well.

IRHA argues that this case falls under the established exception to mootness for disputes capable of repetition, yet evading review. *See EEOC v. Fed. Express Corp.,* 543 F.3d 531, 536 (9th Cir.2008). We disagree. There is nothing to indicate that "the challenged action is in its duration too short to be fully litigated prior to cessation or expiration" or that "there is a reasonable expectation that the same complaining party will be subject to the same action again." *Fed. Election Comm'n v. Wis. Right to Life, Inc.,* 551 U.S. 449, 127 S.Ct. 2652, 2662, 168 L.Ed.2d 329 (2007) (internal quotation marks omitted).

**VACATED** and **DISMISSED.**